1  RICHARD LLOYD SHERMAN, ESQ. (STATE BAR NO. 106597)
ABHAY KHOSLA, ESQ. (STATE BAR NO. 223555)
2  SHERMAN & NATHANSON
9454 Wilshire Boulevard, Suite 900
3  Beverly Hills, California 90212-2929
Telephone:  (310) 246-0321
4  Facsimile:   (310) 246-0305

5  Attorneys for Plaintiffs ROBERT C. KAUFHOLD,
HEIDI CALVERT, and JONATHAN KROSKY

6

7

8            UNITED STATES DISTRICT COURT

9      FOR THE CENTRAL DISTRICT OF CALIFORNIA

10

11  ROBERT C. KAUFHOLD p/k/a BOBBY        CASE NO. CV 07-06478 ER (AGRx)
STEELE, an individual; HEIDI            Hon. Judge Edward Rafeedie, Presiding
12  CALVERT, an individual; JONATHAN
KROSKY, an individual;
13
Plaintiffs,                        PLAINTIFFS' MEMORANDUM OF
14                                          POINTS AND AUTHORITIES IN
v.                                 OPPOSITION TO MOTION TO DISMISS
15                                          COMPLAINT
WALMART STORES, INC., a Delaware
16  Corporation,                            Date:       January 28, 2008
Time:       10:00 a.m.
17            Defendant.                    Dept.:      1, Second Floor

18

19

20

21

22

23

24

25

26

27

28

## TABLE OF CONTENTS

I.  INTRODUCTION — *1*

II.  STATEMENT OF FACTS — *1*

III.  LEGAL STANDARD — *3*

IV.  PLAINTIFFS CALVERT AND KROSKY'S 1st AND 2nd CLAIMS FOR RELIEF PROPERLY STATE CLAIMS OF COPYRIGHT INFRINGEMENT. — *3*

V.  PLAINTIFF STEELE'S 3rd CLAIMS FOR RELIEF PROPERLY STATE A CLAIMS OF A VIOLATION OF THE LANHAM ACT. — *7*

   A.  Defendant's Wrongful Use of Plaintiff's Likeness Gives Rise to a Claim for Relief Under the Lanham Act. — *7*

   B.  Dastar Corp. v. Twentieth Century Fox Film Corp. is Irrelevant to the 3rd Claim for Relief Because it Concerns a "False Representation of Fact", not a False Designation of "Origin." — *7*

   C.  The Overwhelming Weight of 9th Circuit Authority Supports the 3rd Claim for Relief. — *9*

   D.  Defendant's Reliance on *Cairns v. Franklin Mint* is Similarly Misplaced. — *9*

VI.  THE COURT SHOULD EXERCISE SUPPLEMENTAL JURISDICTION OVER THE STATE LAW CLAIMS. — *12*

CONCLUSION — *13*

SHERMAN & NATHANSON
9454 Wilshire Boulevard, Suite 900
Beverly Hills, California 90212

**OPPOSITION TO MOTION TO DISMISS**

N:\1427-1\Opp. Mtn to Dismiss - TABLES.wpd

1

# TABLE OF AUTHORITIES

2 *Cases*

3 Abdul-Jabbar v. GMC,                                                *9, 12*

4 (9th Cir. 1996) 85 F.3d 407

5 Apple Barrel Prods., Inc. v. Beard,                                 *6*

6 (5th Cir. 1984) 730 F.2d 384

7 Cairns v. Franklin Mint Co.,                                        *9*

8 (C.D.Cal. 2000) 107 F.Supp.2d 1212

9 Cairns v. Franklin Mint Co.,                                        *9-11*

10 (9th Cir. 2002) 292 F.3d 1139

11 Cher v. Forum Int'l Ltd.,                                          *9*

12 (9th Cir. 1982) 692 F.2d 634

13 Conley v. Gibson                                                    *3*

(1957) 355 US 41

14 Dastar Corp. v. Twentieth Century Fox Film Corp.                   *7-8*

15 (2003) 539 US 23.

16 DeCarlo v. Fry                                                      *3*

17 (2nd Cir. 1998) 141 F.3d 56

18 Dielsi v. Falk,                                                     *6*

19 (C.D.Cal. 1996) 916 F.Supp. 985

20 Iconbazaar LLC v. America Online, Inc.,                            *6*

21 (M.D.N.C, 2004) 308 F.Supp. 2d 630

22 Landham v. Lewis Galoob Toys, Inc.,                                *9*

23 (6th Cir. 2000) 227 F.3d 619

24 Lennon v. Seaman                                                    *6*

25  (S.D.N.Y, 1999) 63 F.Supp.2d 428

26 McBee v. Delica Co., Ltd.,                                         *9*

27 (1st Cir. 2005) 417 F.3d 107

28

SHERMAN & NATHANSON
9454 Wilshire Boulevard, Suite 900
Beverly Hills, California 90212

**OPPOSITION TO MOTION TO DISMISS**

N:\1427-1\Opp. Mtn to Dismiss - TABLES.wpd

1   Mist-On Systems, Inc. v. Gilley's European Tan Spa,                    6

2   (W.D. Wis. 2002) 303 F.Supp. 2d 974

3   Nationwide Mut. Ins. Co. v. Liberatore                                 13

4   (9th Cir. 2005) 408 F.3d 1158

5   New Kids on the Block v. News Am. Pub, Inc.,                        10-12

6   (9th Cir. 1992) 971 F.2d 302

7   Pareto v. FDIC                                                         3

8   (9th Cir. 1998) 139 F.3d 696

9   Parks School of Business, Inc. v. Symington                           3

10  (9th Cir. 1995) 51 F.3d 1480

11  Provident Life & Acc. Ins. Co.                                        13

12  (4th Cir. 1990) 906 F.2d 985

13  Sebastian Int'l, Inc. v. Consumer Contact, Ltd.,                      6

14  (D.N.J. 1987) 664 F.Supp. 909

15  Silva v. Bieluch                                                      3

16  (11th Cir. 2003) 351F.3d 1045

17  Snell v. Cleveland, Inc.                                             13

18  (9th Cir. 2002) 316 F.3d 822

19  Vanna White v. Samsung Electronics America, Inc. et al.             8-9

20  (9th Cir. 1991), 971 F.2d 1395

21  Waits v. Frito-Lay, Inc.,                                            7

22  (9th Cir. 1992) 978 F.2d 1093

23  Well-Made Toy Mfg. Corp. v. Goffa Int'l Corp.,                       6

24  (E.D.NY. 2002) 210 F.Supp.2d 147

25  Wendt v. Host Int'l                                                  9

26  (9th Cir. 1997) 125 F.3d 806

27  Wilson v. Mr. Tee's                                                  6

28  (D.N.J. 1994) 855 F.Supp. 679

1

*Statutes & 2nd Sources*

2

15 USC §1125                                                          *8*

3

17 USC §408                                                          4

4

17 USC §410                                                          4

5

17 USC §411                                                          4-5

6

7

Federal Rule of Civil Procedure Rule 15(a)                          3

*Nimmer on Copyright §7.17[b][1] (2007)*                            5-6

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

*Statutes & 2nd Sources*

2

15 USC §1125                                          *8*

3

17 USC §408                                          4

4

17 USC §410                                          4

5

17 USC §411                                          4-5

6

7

*Federal Rules of Civil Procedure* Rule 15(a)        3

*Nimmer on Copyright* §7.17[b][1] (2007)             5-6

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SHERMAN & NATHANSON
9454 Wilshire Boulevard, Suite 900
Beverly Hills, California 90212

**OPPOSITION TO MOTION TO DISMISS**

N:\1427-1\Opp. Mtn to Dismiss - TABLES.wpd

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

Plaintiffs Robert C. Kaufhold p/k/a Bobby Steele, Heidi Calvert, and Jonathan Krosky (hereafter collectively, the "***Plaintiffs***") hereby oppose the Motion to Dismiss Complaint ("***Motion***") filed by Defendant Wal-Mart Stores, Inc. (hereafter "***Defendant***" or "***Walmart***").  For the reasons set forth below, Walmart's Motion fails to set forth any reason why Plaintiff's Complaint is legally insufficient.

In particular, Defendant's Motion attacks Plaintiff's 1st and 2nd Counts of Copyright Infringement because Plaintiffs have not yet attained a registration certificate.  As set forth in §IV below, a registration certificate is not a prerequisite for a copyright infringement claim.  Defendant raises arguments to Plaintiff's 3rd claim for relief for defendant's Violation of the Lanham Act, but, as set forth in §V below, these arguments are based upon misunderstanding of the facts and/or the applicable law, or are premature on a Motion to Dismiss.  Finally, Defendant seeks to dismiss remaining state law claims under FRCP Rule 12(b)(1), claiming the Court lacks jurisdiction over those claims; however, the Court has supplemental jurisdictional and any jurisdictional defects can be cured as set forth in §V below.

Accordingly, Plaintiff respectfully requests that Defendant's motion be denied.

## II.

## STATEMENT OF FACTS

Plaintiff Bobby Steele is a famous "punk rock" musician and performing artist.[1] (¶16) Among other things, he was a member of the seminal punk band "The Misfits" as well as the guitar player, songwriter, and founding member of the band "The Undead." (¶16)  In or about 1998, Steele agreed to be featured in a photograph by friend and up-and-coming photographer Heidi Calvert ("***Calvert***"). (¶16)

---

[1]     "Punk Rock" is a genre of rock-and-roll music known for its "anti-establishment" themes.

1   Thereafter, in or about 2004, Steele and an artist he worked with, Jonathan Krosky

2   ("**Krosky**") wanted to utilize the image from the Photograph on promotional flyers to

3   promote a small series of musical performances.  In the course of creating the

4   promotional flyers, Krosky created a derivative work of Calvert's photograph (the

5   "**Steele Photograph**"), which image was ultimately used on Steele's promotional

6   materials (the "**Steele Poster Image**"). (¶16)

7       In or about September 2007, Krosky and Calvert applied for registration with

8   the Copyright Office for the Steele Poster Image and the Steele Photograph,

9   respectively.(¶12) Said application is still pending with the Office, but Plaintiffs

10  presently expect a response from the Copyright Office within the next three  months.

11      Prior thereto, in or about 2007, Walmart began to sell a line of handbags

12  through its "No Boundaries" label which prominently features the Steele Poster

13  Image (the "**Handbags**"). (¶17) Because the Handbags prominently feature the

14  Steele Poster Image, they also prominently feature the likeness of Steele and material

15  original to the Steele Photograph as well.  The Handbags are on sale at Walmart

16  locations throughout this country (and possibly throughout the world), in multiple

17  colors. (¶18)

18      At no time did defendant Walmart have the permission of the Plaintiffs, or any

19  of them, to feature the Steele Poster Image on their handbags.  (¶19) Walmart's use

20  of Steele's likeness without Steele's permission is especially damaging: it is

21  effectively a representation to the public that Steele is associated with and

22  sponsoring Walmart and the Handbags. This is damaging to Steele in that (a)

23  Walmart has a poor reputation in the "punk rock" community, and (b) Steele being

24  associated with Walmart is tantamount to a representation to that community that

25  Steele has "sold out" – which is a damaging charge in the punk rock community, and

26  thus especially damaging to Steele and his reputation. (¶21)

27      On or about October 4, 2007, Plaintiffs filed a Complaint based upon the

28  foregoing.  Calvert and Krosky filed the 1st and 2nd claims for relief for copyright

SHERMAN & NATHANSON
9454 Wilshire Boulevard, Suite 900
Beverly Hills, California 90212

**OPPOSITION TO MOTION TO DISMISS**

N:\1427-1\Opp. Mtn to Dismiss.wpd

1    infringement because Walmart had used their copyrighted works without their

2    permission, and Steele filed the 3rd claim for relief for Violation of Lanham Act

3    based upon Walmart's use of his likeness on its handbags and the fact that this use

4    constituted a representation to the public that Steele was associated with and had

5    sponsored Walmart and the handbags.  Steele also pursued state law claims for relief.

### III.

### LEGAL STANDARD

8       For purposes of a rule 12(b)(6) motion, the complaint must be construed in the

9    light most favorable to plaintiff. *Parks School of Business, Inc. v. Symington* (9th Cir.

10    1995) 51 F.3d 1480, 1484. "A complaint should not be dismissed for failure to

11    state a claim unless it appears beyond doubt that the plaintiff can prove no set of

12    facts in support of his claim which would entitle him to relief." *Conley v. Gibson*

13    (1957) 355 US 41, 45-46.

14       In reviewing a Rule 12(b)(6) motion, the court must accept as true all material

15    averments in the complaint, as well as reasonable inferences to be drawn from them.

16    *Pareto v. FDIC* (9th Cir. 1998) 139 F.3d 696, 699.

17       *Federal Rule of Civil Procedure* ("**FRCP**") Rule 15(a) severely restricts the

18    court's discretion to dismiss without leave to amend.  Where a more carefully drafted

19    complaint might state a claim, a plaintiff must be given at least one more chance to

20    amend the complaint before a district court dismisses the action with prejudice."

21    *Silva v. Bieluch* (11th Cir. 2003) 351F.3d 1045, 1048; *DeCarlo v. Fry* (2nd Cir. 1998)

22    141 F.3d 56, 62.  .

### IV.

### PLAINTIFFS CALVERT AND KROSKY'S  1st AND 2nd CLAIMS FOR

### RELIEF PROPERLY STATE CLAIMS OF COPYRIGHT INFRINGEMENT.

26       Walmart argues that "[i]n the Ninth Circuit, copyright registration is a

27    prerequisite to a suit based on copyright." Plaintiffs do not dispute this basic

28    proposition. In September 2007, Plaintiff filed an application for copyright

1  registrations for Steele Images, and attached copies of the application as well as a

2  receipt concerning same to the Complaint.  See, Complaint, ¶12, Exhibit A.

3  Thereafter, the application has been pending with the Copyright Office, and Plaintiff

4  presently anticipates a response from the Copyright Office within the next three

5  months.

6          Walmart, however, goes beyond this premise and claims that the Copyright

7  Act, specifically 17 USC §411 ("***Section 411***"), only "permits suits on registered

8  copyrights, or where a copyright has been refused, but does not permit suit on

9  pending applications."  (Motion, P.6, ll.14-16) In fact, Section 411 does not address

10  pending applications.  Section 411 states as follows: "no action for infringement of

11  the copyright in any United States work shall be instituted until ... registration of the

12  copyright claim has been made in accordance with this title."

13         Defendant argues that "registration ... in accordance with this title" means a

14  "certificate of registration" has issued from the Copyright Office.  In fact, the

15  Copyright Act repeatedly makes clear that registration is effective not at the time a

16  certificate of registration issues but at the date a proper application is made.  For

17  example:

18     •     17 USC §408 ("***Section 408***") states "the owner of copyright or of any

19           exclusive right in the work may obtain registration of the copyright

20           claim by delivering to the Copyright Office the deposit specified by this

21           section, together with the application and fee."

22     •     17 USC §410 ("***Section 410***")states that the "effective date of a

23           copyright registration is the date on which an application, deposit and

24           fee, which are later determined by the Register or by a court of

25           competent jurisdiction to be acceptable for registration, have all been

26           received in the Copyright Office."

27  / / /

28  / / /

1    Furthermore, Section 411 does not require a certificate of registration

2    anywhere in its text.  However, the Copyright Act considers routinely requires a

3    certificate of registration in other contexts (e.g. Section 410 provides that only a

4    certificate of registration constitutes *prima facie* evidence of copyright validity).

5    This omission is plainly meaningful:  if Congress had wanted to make a certificate a

6    pre-requisite to an infringement action, it could have done so as it had done with

7    Section 410.  Instead, it only requires registration "in accordance with this title," and

8    registration in accordance with Title 17 is effective as of the date of the application.

9    *Nimmer on Copyright* ("**Nimmer**"), the leading treatise on copyright law,

10   considers "pending applications" in thorough detail and concludes that the Copyright

11   Act is best served by allowing lawsuits on pending applications to proceed:

12       What happens if suit is filed during the interval after the copyright owner has

13       duly submitted all the necessary ingredients to the Copyright Office, but

14       before the Office has issued the certificate or denied its issuance? [..] Many [..]

15       cases allow suits in that posture to proceed. Although the question is certainly

16       not free from doubt, it is submitted that this 'broad approach' to registration-

17       jurisdiction better comports with the statutory structure.

18   Nimmer, §7.17[b][1] (2007), p. 156-157(attached hereto as EXHIBIT A).

19       Obviously, policy considerations favor allowing the 1st and 2nd claims for relief

20   to proceed: as was pointed out to Defendant prior to the instant motion to no avail,

21   this entire issue will be moot and Plaintiffs' case allowed to proceed as soon as the

22   Copyright Office issues a certificate of registration (even if the Copyright Office

23   denies Plaintiffs' application), and all that will have been accomplished by

24   Defendant's motion (success or failure) is a waste of time, attorney's fees, and

25   judicial resources. *Nimmer* agrees, calling the entire issue a "tempest in a teapot"

26   based upon common sense policy considerations:

27       In addition, policy considerations support the broad approach.  For given that

28       the claimant at that juncture has done all that it can do, and will ultimately be

1  allowed to proceed regardless of how the Copyright Office treats the

2  application, it makes little sense to create a period of "legal limbo" in which

3  suit is barred.  In the words of one court, it "best effectuates the interests of

4  justice and promotes judicial economy."

5  *Id.* at §7.17[b][1], p. 157(emphasis added)

6      While Defendant has cited cases setting forth the minority position that a

7  certificate of registration is required, the position of *Nimmer* and the Plaintiffs have

8  been adopted by numerous courts, including the Central District of California.  See,

9  *Dielsi v. Falk*, (C.D.Cal. 1996) 916 F. Supp. 985, 994 ftnt. 6 ("Plaintiff can satisfy

10  the § 411(a) requirement by merely filing an application for registration with the

11  Copyright Office. [..] Once the Copyright Office receives Plaintiff's application, he

12  can bring a claim for copyright infringement."); *see also, Apple Barrel Prods., Inc. v.*

13  *Beard*, (5th Cir. 1984) 730 F.2d 384, 387; *Iconbazaar LLC v. America Online, Inc.*,

14  (M.D.N.C, 2004) 308 F. Supp. 2d 630, 633; *Well-Made Toy Mfg. Corp. v. Goffa Int'l*

15  *Corp.*, (E.D.NY. 2002) 210 F. Supp.2d 147, 157 *aff'd* 354 F.3d 112 (2d Cir. 2003);

16  *Mist-On Systems, Inc. v. Gilley's European Tan Spa*, (W.D. Wis. 2002) 303 F.Supp.

17  2d 974, 977; *Lennon v. Seaman*, (S.D.N.Y, 1999) 63 F. Supp.2d 428, 432; *Sebastian*

18  *Int'l, Inc. v. Consumer Contact, Ltd.*, (D.N.J. 1987) 664 F. Supp. 909, 912, *vac'd on*

19  *other grounds*, (3d Cir. 1988) 847 F.2d 1093; *Wilson v. Mr. Tee's*, (D.N.J. 1994) 855

20  F.Supp. 679, 682-683.

21      Plaintiff filed for copyright registration in September 2007, and anticipates

22  receiving a registration certificate within the next 3 months.  Given the lack of any

23  prejudice to the Defendant if this case should proceed, and the severity of the relief

24  requested by the Defendant, Plaintiff respectfully requests that Defendant's motion

25  be denied with respect to these causes of action.  Should the Court be inclined to

26  grant Defendant's motion, Plaintiff respectfully requests that the Court only dismiss

27  the 1st and 2nd claims for relief **without** prejudice, so that Plaintiff may restate such

28  claims once the Copyright Office has responded.

1
## V.

2
## PLAINTIFF STEELE'S 3rd CLAIMS FOR RELIEF PROPERLY STATE A

3
## CLAIMS OF A VIOLATION OF THE LANHAM ACT.

4
### A.      Defendant's Wrongful Use of Plaintiff's Likeness Gives Rise to a

5
### Claim for Relief Under the Lanham Act.

6
"An express purpose of the Lanham Act is to protect commercial parties

7
against unfair competition." *Waits v. Frito-Lay, Inc.*, (9th Cir. 1992) 978 F.2d 1093,

8
1108, *amended by* 978 F.2d 1093. In *Waits*, the Ninth Circuit held as a matter of first

9
impression that false endorsement claims are properly cognizable under section 43,

10
15 *U.S.C.* § 1125, of the Lanham Act:

11
> [a] false endorsement claim based on the unauthorized use of a celebrity's

12
> identity . . . [which] alleges the misuse of a trademark, i.e., a symbol or device

13
> such as a visual likeness, vocal imitation, or other uniquely distinguishing

14
> characteristic, which is likely to confuse consumers as to the plaintiff's

15
> sponsorship or approval of the product.

16
*Id.* at 1110.

17
In the instant case, Plaintiff has satisfied the foregoing standard: he has

18
averred that he is a celebrity in the punk rock community (¶16), that Walmart used

19
his visual likeness without his consent (¶17-19), and that this use is likely to (and

20
has) confused consumers as to plaintiff's sponsorship/approval of Walmart and

21
damaged his reputation in the punk rock community (¶21).

22
### B.      *Dastar Corp. v. Twentieth Century Fox Film Corp.* is Irrelevant to

23
### the 3rd Claim for Relief Because it Concerns a "False

24
### Representation of Fact", not a False Designation of "Origin."

25
Nevertheless, Walmart claims that this claim for relief must be dismissed

26
because of U.S. Supreme Court precedent of *Dastar Corp. v. Twentieth Century Fox*

27
*Film Corp.* (2003) 539 US 23. *Dastar* is a highly distinguishable case for numerous

28
reasons, most important of which being that *Dastar* concerned a claim for relief that

SHERMAN & NATHANSON
9454 Wilshire Boulevard, Suite 900
Beverly Hills, California 90212

**OPPOSITION TO MOTION TO DISMISS**

N:\1427-1\Opp. Mtn to Dismiss.wpd

1   fell under the "false designation" prong of the Lanham Act.

2   §43(a) of the Lanham Act prohibits (1) false designation of origins, (2) false

3   representations of fact, or (3) false descriptions of fact which wrongly create

4   confusion about the connection between a person and the goods or services of

5   another. 15 <u>USC</u> §1125(a) ("***Section 43(a)***").

6   Defendant's argument focuses solely on the Lanham Act's prohibitions on

7   "false designations of origin." However, Defendants ignore that Section 43(a)

8   prohibits not only false "designations of origin" but "false representations" of fact, as

9   well. In the instant case, by placing Plaintiff's likeness on the handbags, Defendant

10  made a "false representation of fact" to the public that Bobby Steele was associated

11  with Walmart and had consented to his appearance on the handbag. *Dastar*'s ruling

12  upon the definition of the term "origin" is thus irrelevant to the instant case.

13  In *Vanna White v. Samsung Electronics America, Inc. et al.* (9th Cir. 1991),

14  971 F.2d 1395, the 9th Circuit considered a case in which celebrity plaintiff Vanna

15  White filed a Lanham Act for the use of her likeness without her consent in a series

16  of advertisements from defendant Samsung. *Id.* at 1396. The 9th Circuit specifically

17  held that this claim for relief fell under the "false representation of fact" or "False

18  designation of fact" prongs of Section 43(a): "The version of section 43(a)

19  applicable to this case provides, in pertinent part, that 'any person who shall ... use,

20  in connection with any goods or services... any false description or representation ...

21  shall be liable to a civil action[.]" *Id.* at 1399. The 9th Circuit held that in order to

22  prevail on her Lanham Act claim, Plaintiff needed only to show that in running the

23  ad, defendants had created a likelihood of confusion over whether Plaintiff was

24  endorsing the Defendant's goods – i.e. not whether Defendant had made a "false

25  designation of origin," as Defendants suggest. *Id.* at 1399-1400.

26  Thus, because *Dastar* solely concerned the definition of "origin" in cases

27  involving the "false designation of origin" prong of Section 43(a) of the Lanham

28  Act, and because (as held by the 9th Circuit in *Vanna White*) the instant case does not

1    concern a false designation of origin but a "false representation of fact" (also

2    prohibited by §43(a) of the Lanham Act), *Dastar* does not apply and Defendant's

3    argument must be rejected.

4        **C.    The Overwhelming Weight of 9th Circuit Authority Supports the 3rd**

5            **Claim for Relief.**

6        Based upon its misreading of the law and the facts, Defendant requests that

7    this Court ignore and overrule a vast body of 9th Circuit case law which supports

8    Plaintiffs' complaint.  *See Abdul-Jabbar v. GMC*, (9th Cir. 1996) 85 F.3d 407(9th

9    Circuit found a violation of Lanham Act for commercial using name of basketball

10   star Kareem Abdul-Jabbar without consent); *Wendt v. Host Int'l*, (9th Cir. 1997) 125

11   F.3d 806 (Lanham Act claim stated for the wrongful use of the likeness of actor

12   George Wendt); *Cher v. Forum Int'l Ltd.*, (9th Cir. 1982) 692 F.2d 634 (Lanham Act

13   claim stated for use of an interview with recording artist Cher); *White v. Samsung*,

14   (9th Cir. 1992) 971 F.2d 1395. Other circuits are in accord. See *McBee v. Delica Co.,*

15   *Ltd.*, (1st Cir. 2005) 417 F.3d 107, 115; *Landham v. Lewis Galoob Toys, Inc.*, (6th

16   Cir. 2000) 227 F.3d 619, 626.

17       A drastic revision of federal law is not mandated by the authority cited by the

18   Defendant.

19       **D.    Defendant's Reliance on *Cairns v. Franklin Mint*  is Similarly**

20           **Misplaced.**

21       Defendant argues that because Steele's image does not "identify the source of

22   these goods", it inherently "cannot imply Bobby Steele's endorsement of either the

23   handbags or Wal-mart." (Motion, p. 10, ll. 1-3) However, defendant relies solely

24   upon *Cairns v. Franklin Mint Co.*, (C.D.Cal. 2000) 107 F. Supp.2d 1212(strangely

25   instead of citing the subsequent appeals decision of *Cairns v. Franklin Mint Co.*, (9th

26   Cir. 2002) 292 F.3d 1139). *Cairns* is distinguishable for a number of reasons, most

27   important of which is that it is a case decided on summary judgment and not on a

28   motion to dismiss. *Cairns* did not resolve that the use of plaintiff's image was not

1   source-identifying as a *matter of law* but as an issue of fact: "**Under these**

2   **circumstances**, there was no likelihood of confusion[...]." 292 F.3d. at 1150."

3        The facts are highly distinguishable:  Plaintiff in <u>Cairns</u> was the Estate of

4   Princess Diana, and the district court found that there had been "vast commercial

5   uses of her image" which Plaintiff had been aware of and had not authorized before

6   said case had been filed (e.g., "It is undisputed that others have also sold such

7   products since that date. One collector has nearly 2,500 items bearing Princess

8   Diana's image").  As a result, the district court ruled against Princess Diana based

9   upon the following proposition:

10        Pervasive unauthorized use of a celebrity's persona will tend to dull the

11        popular perception that use of that persona signifies an endorsement at all,

12        weakening the initial automatic association between the celebrity and his or

13        her estate. In extreme cases, use of the celebrity's persona may no longer

14        'implicate the source-identification function that is the purpose of trademark'

15        and may, therefore, constitute a fair use 'because it does not imply sponsorship

16        or endorsement by the trademark holder.'

17   (107 F. Supp.2d at 1217).  The Court of Appeals affirmed for the same reason that

18   the prior unauthorized use had destroyed any possibility of a likelihood of confusion

19   as to the identification of source. 292 F.3d. at 1150.

20        In the instant case, there is nothing before the Court that could lead to the

21   conclusion that this is one of those"extreme cases" where the use of an image cannot

22   imply sponsorship.  Nor is this such a case: there has been no "pervasive

23   unauthorized use" of Bobby Steele's image to date.  Regardless, whether there is a

24   likelihood of confusion is an issue of fact best addressed by a trier of fact.

25        **E.        Defendant Has No Fair Use Defense, and a Fair Use Defense is**

26        **Premature on a Motion to Dismiss.**

27        Defendant also rely upon *New Kids on the Block v. News Am. Pub, Inc.*, (9th

28   Cir. 1992) 971 F.2d 302.  In <u>New Kids,</u> the 9th Circuit set forth the following test for

1   whether Defendants have a "nominative fair use defense" to Lanham Act claims

2   based on the wrongful use of celebrity:

3       First, the [plaintiff's] product or service in question must be one not readily

4       identifiable without use of the trademark; second, only so much of the mark or

5       marks may be used as is reasonably necessary to identify the [plaintiff's]

6       product or service; and third, the user must do nothing that would, in

7       conjunction with the mark, suggest sponsorship or endorsement by the

8       trademark holder.

9   971 F.2d at 309.

10      In the instant case, there are issues of fact as to the second and third elements

11  of these tests.  With respect to the second element, obviously, no element of Bobby

12  Steele's identity was "reasonably necessary"; as the 9th Circuit explained in *Cairns*:

13      For example, General Motors would probably be able to sell its Oldsmobile

14      Eighty-Eight without any reference to a basketball star who, like the car,

15      received an award three years in a row. [...] But it is doubtful whether Franklin

16      Mint would be able to sell its "Diana, Princess of Wales Porcelain Portrait

17      Doll" without prominent reference to Princess Diana.

18  *Cairns*, *supra*, 292 F.3d. at 1154.  Walmart could have sold handbags without any

19  reference to Bobby Steele; the instant case is thus more like the General Motors

20  example set forth above (and fails to meet the second element of the test).

21      Furthermore, it is not the case that defendant used only so much as the mark as

22  may be "reasonably necessary."  Defendant not only used an image of the plaintiff to

23  describe their plaintiff-related products, but used an image that plaintiff had used for

24  his own promotional activities – i.e. it not only usurped plaintiff's image but also

25  "piggybacked" off of his own self-promotional activities.

26      With respect to the third element, it is plainly an issue of fact and it will

27  require significant discovery to determine whether Walmart took any actions to

28  suggest sponsorship.  However, if necessary, Plaintiffs can amend their Complaint

1  order to clarify at least one way Walmart took such actions: in addition to the Steele

2  Poster Image, Walmart "bespangled" the words "Live Fast Rock On" onto their

3  handbags, referring to Steele's career as a punk rock musician.  Plaintiffs avers that

4  these words were placed there in order to suggest Steele's sponsorship, creating an

5  issue of fact.

6  　　　Furthermore, _New Kids_ is factually distinguishable: _New Kids_ concerned a

7  newspaper poll, not a tangible good such as handbags.   The 9th Circuit noted this

8  will often be a crucial distinction in _Abdul-Jabbar v. GMC_, (9th Cir. 1996) 85 F.3d

9  407:

10  　　　The distinction between this case and _New Kids_ is that use of celebrity

11  　　　endorsements in television commercials is so well established by commercial

12  　　　custom that a jury might find an implied endorsement in General Motors' use

13  　　　of the celebrity's name in a commercial, which would not inhere in a

14  　　　newspaper poll. [..] Likelihood of confusion as to endorsement is therefore a

15  　　　question for the jury.

16  Id. at 413 (emphasis added). In the instant case, the public would commonly expect

17  Defendant's use of Plaintiff's image to have arisen from an endorsement contract,

18  and likelihood of confusion is thus a question best left to a jury to resolve.

19  **VI.**

20  **THE COURT SHOULD EXERCISE SUPPLEMENTAL JURISDICTION**

21  **OVER THE STATE LAW CLAIMS.**

22  　　　Defendant claims that because the federal claims should be dismissed,

23  plaintiff's remaining state law claims should be dismissed as well. For the reasons

24  set forth above, Plaintiff believes that the federal claims should be allowed to

25  proceed, so this argument is moot.

26  　　　However, should the federal claims be dismissed, Plaintiff respectfully

27  requests leave to amend in order to maintain said claims under the Court's diversity

28  jurisdiction.  28 USC §1332.  The issues in controversy are greater than $75,000

**OPPOSITION TO MOTION TO DISMISS**

1  (See, e.g., ¶37) and the parties are citizens of different states (¶4-7).  If the complaint

2  avers facts giving the court subject matter jurisdiction, an erroneous jurisdictional

3  allegation is not fatal; courts have consistently held that leave to amend should be

4  granted where the defect can be cured simply by fuller pleading. *Provident Life &*

5  *Acc. Ins. Co.*, (4th Cir. 1990) 906 F.2d 985, 988; *Nationwide Mut. Ins. Co. v.*

6  *Liberatore* (9th Cir. 2005) 408 F.3d 1158, 1162; *Snell v. Cleveland, Inc.* (9th Cir.

7  2002) 316 F.3d 822 828, fn.6.

## VII.

## CONCLUSION

10      For the foregoing reasons, Plaintiff respectfully requests that Defendant's

11  Motion be denied.  In the event that the Court grants Defendant's motion, Plaintiff

12  respectfully requests leave to amend pursuant to *FRCP* Rule 15(a).

14  Dated: January 13, 2008      **SHERMAN & NATHANSON, P.C.**

16  By *Richard Lloyd*

17      RICHARD LLOYD SHERMAN
    Attorneys for Plaintiffs **ROBERT C. KAUFHOLD,**
    **HEIDI CALVERT,** and **JONATHAN KROSKY**