Therefore, better than this court's expedient of according a presumption that might later evaporate is to accord a presumption only at such time as the certificate actually issues.

What happens if suit is filed during the interval after the copyright owner has duly submitted all the necessary ingredients to the Copyright Office, but before that Office has issued the certificate or denied its issuance? Without elaborating on the animating rationale, many decisions simply dismiss actions in that posture.[38.14c] One exceptional case, though, reaches that conclusion through analyzing the statutory scheme:

> Apparently Congress concluded when it enacted section 411(a) that vetting by the Copyright Office of claims that materials are entitled to copyright protection was a necessary prerequisite to federal courts exercising jurisdiction over such claims. Presumably Congress concluded that the expert wisdom of the Copyright Office justified this result. Therefore, the Court is in agreement with those courts that take the view that a certificate of registration is a jurisdictional prerequisite to filing an infringement suit in this Court, the only exception being where the Copyright Office has refused to issue the certificate of registration.[38.14d]

That thoughtful statement has the virtue of providing a coherent explanation accounting for the divergent elements of Section 411. It is a sensible statement of what can be termed the "narrow approach" to registration-jurisdiction.[38.14e]

Nonetheless, there is another side to the coin. Many other cases allow suits in that posture to proceed.[38.15] Although the question is certainly not free from

---

[38.14c] See Stanislawski v. Jordan, 337 F. Supp. 2d 1103, 1110 (E.D. Wis. 2004); Capitol Records, Inc. v. Wings Digital Corp., 218 F. Supp. 2d 280, 284 (E.D.N.Y. 2002); U-Neek, Inc. v. Wal-Mart Stores, Inc., 147 F. Supp. 2d 158, 169–170 (S.D.N.Y. 2001); Westport Historical Soc'y v. Lee, 43 U.S.P.Q.2d 1858, 1860 (D. Kan. 1997). *U-Neek*, for example, quotes a case that states, "District courts are without subject matter jurisdiction to hear claims for federal copyright infringement unless a party asserts in his pleadings that he has received an actual certificate of registration or its denial from the Copyright Office." Tuff-N-Rumble v. Sugarhill Music Publ'g Inc., 49 F. Supp. 2d 673, 677 (S.D.N.Y. 1999). But nothing in *U-Neek*, *Tuff-N-Rumble*, or the authorities that they in turn cite, offers any rationale as to why the postulated standard makes sense — or why the Act requires it.

[38.14d] Strategy Source v. Lee, 233 F. Supp. 2d 1, 4 (D.D.C. 2002).

[38.14e] Other cases have concluded, on balance, to follow the narrow approach. See Corbis Corp. v. UGO Networks, Inc., 322 F. Supp. 2d 520, 521 (S.D.N.Y. 2004); Loree Rodkin Mgmt. Corp. v. Ross-Simons, Inc., 315 F. Supp. 2d 1053, 1055 (C.D. Cal. 2004) (Treatise cited); Corbis Corp. v. Amazon.com, Inc., 351 F. Supp. 2d 1090, 1112 (W.D. Wash. 2004) (Treatise cited).

[38.15] See Apple Barrel Prods., Inc. v. Beard, 730 F.2d 384, 387 (5th Cir. 1984) (Treatise cited); Iconbazaar, L.L.C. v. America Online, Inc., 308 F. Supp. 2d 630, 633 (M.D.N.C. 2004) (Treatise cited); Well-Made Toy Mfg. Corp. v. Goffa Int'l Corp., 210 F. Supp. 2d 147, 157 (E.D.N.Y. 2002)

doubt, it is submitted that this "broad approach" to registration-jurisdiction better comports with the statutory structure. For in contrast to the *prima facie* presumption of validity, which the statute limits to "*certificate* of a registration,"[38.15a] the jurisdictional provision requires only that "*registration* of the copyright claim has been made *in accordance with this title*."[38.15b] Given that "this title" elsewhere specifies that the "effective date of a copyright registration is the day on which an application, deposit, and fee, which are later determined by the Register of Copyrights *or by a court of competent jurisdiction* to be acceptable for registration, have all been received in the Copyright Office,"[38.15c] there would seem to be no bar on the "court of competent jurisdiction" before which the copyright infringement action is pending from proceeding to adjudicate the adequacy of the submission to the Copyright Office.[38.15d]

In addition, policy considerations support the broad approach.[38.16] For given that the claimant at that juncture has done all that it can do, and will ultimately be allowed to proceed regardless of how the Copyright Office treats the application, it makes little sense to create a period of "legal limbo" in which suit is barred.[38.16a] In the words of one court, it "best effectuate[s] the interests of justice and promote[s] judicial economy."[38.16b]

The conflict between the broad and narrow approaches has been longstanding.[38.16c] The Fifth Circuit adopted the former early on.[38.16d] More recently, the Tenth Circuit has gone the opposite way.[38.17] In other circuits, the issue remains open. In some sense, however, the issue is a tempest in a teapot. For

---

(Treatise cited), *aff'd*, 354 F.3d 112 (2d Cir. 2003); Mist-On Systems, Inc. v. Gilley's European Tan Spa, 303 F. Supp. 2d 974, 977 (W.D. Wis. 2002) (Treatise cited); Lennon v. Seaman, 63 F. Supp. 2d 428, 432 (S.D.N.Y. 1999) (Treatise cited); Dielsi v. Falk, 916 F. Supp. 985, 994 n.6 (C.D. Cal. 1996) (Treatise cited); Sebastian Int'l, Inc. v. Consumer Contact Ltd., 664 F. Supp. 909, 912 (D.N.J. 1987) (Treatise cited), *vac'd on other grounds*, 847 F.2d 1093 (3d Cir. 1988); Wilson v. Mr. Tee's, 855 F. Supp. 679, 682–683 (D.N.J. 1994) (Treatise cited). See Salerno v. City Univ. of N.Y., 191 F. Supp. 2d 352, 356 (S.D.N.Y. 2001); SportsMEDIA Tech, Corp. v. Upchurch, 839 F. Supp. 8, 9 (D. Del. 1993).

[38.15a] See text accompanying N. 38.14 *supra*.

[38.15b] 17 U.S.C. § 411(a) (emphases added).

[38.15c] 17 U.S.C. § 410(d) (emphasis added).

[38.15d] Phoenix Renovation Corp. v. Rodriguez, 403 F. Supp. 2d 510, 514 (E.D. Va. 2005) (Treatise cited).

[38.16] Some courts that follow the narrow approach concede that it yields "an inefficient and peculiar result." Loree Rodkin Mgmt. Corp. v. Ross-Simons, Inc., 315 F. Supp. 2d 1053, 1057 (C.D. Cal. 2004).

[38.16a] Phoenix Renovation Corp. v. Rodriguez, 403 F. Supp. 2d 510, 514 (E.D. Va. 2005).

[38.16b] International Kitchen Exhaust Cleaning Ass'n v. Power Washers of N. Am., 81 F. Supp. 2d 70, 72 & n.17 (D.D.C. 2000) (Treatise cited).

[38.16c] One court labels them respectively the "application approach" and the "registration

even in those jurisdictions that follow the narrow approach, plaintiffs can always avoid dismissal of their case by filing a new application for registration with the Copyright Office on an expedited basis. The resulting certificate (or denial) will emerge from the Copyright Office within a matter of days,[38.17a] thereby eliding the entire jurisdictional imbroglio. Nonetheless, that solution cannot satisfy everyone. For many claimants prefer *not* to file suit based on such a belated certificate,[38.17b] given that it could entail loss of vital remedies, thereby rendering suit pointless.[38.17c]

The narrow approach tends towards hyper-technical application, in which the actual paper certificate is required as a condition to jurisdiction.[38.17d] In the Tenth Circuit decision just noted, the court below applied just such hyper-technical reasoning. In particular, plaintiff filed suit on March 8, 2004. It tendered to the district court a letter from the Copyright Office, dated March 10, 2004, indicating that the Register had approved the registration effective as of 2003, and that the certificate would duly issue.[38.18] The district court rejected the letter as admissible evidence; the Court of Appeals affirmed,[38.18a] but added in *dictum* that "registration is separate from the issuance of a registration certificate and that a court's

---

approach." See La Resolana Architects, PA v. Clay Realtors Angel Fire, 416 F.3d 1195, 1202–1203 (10th Cir. 2005).

[38.16d] See Apple Barrel Prods., Inc. v. Beard, 730 F.2d 384, 387 (5th Cir. 1984).

[38.17] La Resolana Architects, PA v. Clay Realtors Angel Fire, 416 F.3d 1195 (10th Cir. 2005). The court notes that both camps "are in good company." *Id.* at 1202–1203 (Treatise cited). It concedes that the broad approach, "at first glance, has some appeal." *Id.* at 1204 (Treatise cited). Nonetheless, it ultimately swings the other way on the admittedly difficult question of what is the best resolution. The opinion notes that Congress' later pre-registration scheme, if made generally applicable, would have solved the current conundrum. *Id.* at 1206. See § 7.16[B][4] *infra*.

[38.17a] See § 21.01[E] *infra*.

[38.17b] Another potential solution is to ask the Copyright Office to rule on the *existing application* on an expedited basis. To the extent that the claimant can obtain such special handling, it may solve all the problems canvassed herein.

[38.17c] See § 7.16[B][2][a] *infra*. In brief, plaintiff may need to recover statutory damages and attorney's fees to make suit worthwhile. See La Resolana Architects, PA v. Clay Realtors Angel Fire, 416 F.3d 1195, 1199 (10th Cir. 2005) (reason that Copyright Act provides for recovery of attorney's fees for registered works is for the sake of "copyright owners hesitant to engage in the long and expensive process of litigation"). Those remedies accrue only if the subject registration was made before infringement commenced. See § 7.16[C] *supra*. Accordingly, plaintiff may deem it worthwhile to litigate based on an early application for registration, but not based on a later one.

[38.17d] See Strategy Source v. Lee, 233 F. Supp. 2d 1, 3–4 (D.D.C. 2002).

[38.18] La Resolana Architects, PA v. Clay Realtors Angel Fire, 416 F.3d 1195, 1197–1198 (10th Cir. 2005).

[38.18a] *Id.* at 1208. The Tenth Circuit allowed that extrinsic evidence could prove jurisdiction, so that had plaintiff appealed the evidentiary ruling excluding the Copyright Office's letter as inadmissible hearsay, the case might have gone the opposite way. *Id.*

(Rel. 71-12/2006　Pub.465)