jurisdiction does not turn on the existence of a paper certificate, but rather on the fact of registration, however it is demonstrated."[38.18b] The court coyly expressed no opinion, as to the two-day gap at issue in this case, "whether the jurisdictional defect could be cured after commencement of the infringement action."[38.18c] Another court confronting a two-day gap—in this instance between filing of suit and the Copyright Office's rejection of the claim—dismissed the case outright.[38.18d] In contrast, it has been held that a plaintiff not in possession of a certificate at the time the complaint was filed can later show that it timely registered the work before suit was instituted.[38.19]

Other courts directly confront the gap between filing of suit and Copyright Office action. By doing so, they are able to stake out a middle position, thereby avoiding the need to take sides between the narrow and broad approaches. Some allow a plaintiff, subsequent to its initial filing of a complaint, to register and deposit the work and thereafter appropriately amend its complaint,[38.19a] without the necessity of filing a new action.[38.19b] The Fifth Circuit has even allowed plaintiff's case to go forward without a formal amendment to the complaint.[38.19c] These courts follow an ameliorative approach even though, strictly speaking, if the court had dismissed the complaint in its entirety, then the proper course would seem to be to file a new complaint, rather than an amended complaint.[38.19d] Nonetheless, absent prejudice to the defendant,[38.20] the Eleventh Circuit has held the technical distinction to be without substance.[38.20a]

---

[38.18b] *Id.* at 1202–1203. See RDF Media Ltd. v. Fox Broad. Co., 372 F. Supp. 2d 556, 562 (C.D. Cal. 2005) (district court accepted declaration from counsel that Copyright Office had issued requisite certificates).

[38.18c] 416 F.3d at 1208.

[38.18d] Stanislawski v. Jordan, 337 F. Supp. 2d 1103, 1110 (E.D. Wis. 2004).

[38.19] Telerep Caribe, Inc. v. Zambrano, 146 F. Supp. 2d 134, 144 (D.P.R. 2001).

[38.19a] ISC-Bunker Ramo Corp. v. Altech, Inc., 765 F. Supp. 1308, 1309 (N.D. Ill. 1990).

[38.19b] Frankel v. Stein & Day, Inc., 470 F. Supp. 209 (S.D.N.Y. 1979); Haan Crafts Corp. v. Craft Masters, Inc., 683 F. Supp. 1234, 1242 (N.D. Ind. 1988); Schuchart & Assocs. v. Solo Serve Corp., 1983 Copyright L. Dec. (CCH) ¶ 25,593 (W.D. Tex. 1983). See Demetriades v. Kaufmann, 680 F. Supp. 658, 661 (S.D.N.Y. 1988); Wales Indus., Inc. v. Hasbro Bradley, Inc., 612 F. Supp. 510, 514 (S.D.N.Y. 1985); Joseph J. Legat Architects v. United States Dev. Corp., 601 F. Supp. 673 (N.D. Ill. 1985).

[38.19c] Positive Black Talk Inc. v. Cash Money Records, Inc., 394 F.3d 357, 366–367 (5th Cir. 2004).

[38.19d] See Damiano v. Sony Music Entm't, Inc., 975 F. Supp. 623, 634–635 (D.N.J. 1996) (refusing to consider belated registration after complaint had been previously dismissed).

[38.20] Query whether subjecting it to a timely complaint, rather than to one barred by the statute of limitations, constitutes such prejudice to defendant. See N. 38.24 *infra*.

[38.20a] M.G.B. Homes, Inc. v. Ameron Homes, Inc., 903 F.2d 1486, 1489 & n.6 (11th Cir. 1990).

One court following the narrow approach denies the invidious effects of the legal limbo invoked above, maintaining that there is no prejudice to applicants by being unable to file suit while the Copyright Office processes the application, inasmuch as the certificate will ultimately be backdated.[38.20b] It posits that damages for wrongful use of a registered copyright will alleviate any concern.[38.21] But given that belated registration will not allow recovery of statutory damages for infringement that commenced before its effective date,[38.22] and given further a three-year statute of limitations for recovery of all damages caused by copyright infringement,[38.23] the narrow approach may indeed occasion complete inability[38.24] to recover damages[38.24a] — especially in its hyper-technical instantiation.[38.24b] One way to avoid that result, however, is to follow the example of another court that avoided the need to take sides, holding that a newly-filed complaint based on an issued certificate would be deemed to relate back to the original filing date of the complaint based on an application, for purposes of computing the statute of limitations.[38.24c]

---

In Arthur Rutenberg Homes, Inc. v. Drew Homes, Inc., 829 F. Supp. 1314, 1319 (M.D. Fla. 1993), the court threw out an apparently meritorious claim by a plaintiff who admittedly owned the copyright, but whose rights arose only following registration. The Eleventh Circuit vacated that ruling, adopting the more lenient construction that a party could register based on an unenforceable oral grant, if later cured by a valid writing (even if such cure took place following registration). 29 F.3d 1529, 1532–1533 (11th Cir. 1994). See Tooker v. Copley, 3 U.S.P.Q.2d 1396, 1397 (S.D.N.Y. 1987). See also N. 38.27a infra.

[38.20b] Mays & Assocs., Inc. v. Euler, 370 F. Supp. 2d 362, 369 (D. Md. 2005). See N. 38.26 infra.

[38.21] 370 F. Supp. 2d at 370.

[38.22] See § 7.16[C] infra.

[38.23] See § 12.05 infra.

[38.24] Imagine that an infringing film is in theatrical release from February – June 2001, but that the aggrieved copyright owner of the underlying novel only acts sometime later. If she applies for registration and concurrently is allowed to file a complaint at the start of 2004, it will be timely to recover actual damages for the full period of theatrical release (albeit too late to recover any statutory damages). But if she is forced to wait months until the Copyright Office issues a certificate (or denies its issuance), the limitations period may have already lapsed, thus barring any recovery. However, this result could be avoided by the approach of those courts that allow a later complaint to relate back to the date of the earlier, dismissed complaint. See text accompanying N. 38.24c infra.

[38.24a] See Iconbazaar, L.L.C. v. America Online, Inc., 308 F. Supp. 2d 630, 634 (M.D.N.C. 2004).

[38.24b] The Tenth Circuit, when adopting the narrow approach, acknowledged that the backlog at the Copyright Office was such that "the paper certificate could be delayed for up to six months." La Resolana Architects, PA v. Clay Realtors Angel Fire, 416 F.3d 1195, 1208 (10th Cir. 2005). It therefore adopted the view that the certificate itself was not required, contrary to those hyper-technical cases adopting the narrow approach that treat the piece of paper itself as a jurisdictional prerequisite. Id. at 1202–1203.

[38.24c] Gerig v. Krause Publ'ns, Inc., 33 F. Supp. 2d 1304, 1306 (D. Kan. 1999).

A policy argument in favor of the narrow approach arises from the position that a determination denying registration is entitled to "some deference." In the case that articulated that language, *Paul Morelli Design, Inc. v. Tiffany & Co.*,[38.24d] the Copyright Office "denied the applications on the ground that the jewelry did not contain a sufficient amount of original artistic or sculptural authorship to support copyright registration."[38.25] The Register appeared in court to defend her decision.[38.25a] The court concluded that neither the extreme of *de novo* review nor of absolute deference could square with the statutory scheme of allowing suit to proceed in the absence of registration and allowing the Register to participate in the case. It accordingly concluded that "some deference" was appropriate.[38.25b] In order to make that deference a reality, there must be a resolution from the Copyright Office to which to defer.

Though not insignificant, this policy basis appears weak if relied on to mandate the narrow approach. True, if courts following the broad approach were inexorably forced to evaluate the strength of the copyright application without guidance from the Copyright Office, there might indeed be reason to force plaintiffs to wait before instituting suit. But, in fact, the pace of litigation entails that the Copyright Office will typically have granted or refused registration during its pendency.[38.25c] Therefore, as in *Paul Morelli v. Tiffany*, the Register typically will not be deprived of her opportunity, in due course, to appear in the litigation, even if the complaint is allowed to be filed in the interim before the application has been accepted or rejected. Nonetheless, as a safeguard against the rare case in which compressed timing might prejudice the Register's right to appear, a prudent course for courts following the broad approach would be to require the plaintiff to notify the Copyright Office about the pendency of litigation, so that the Register, if she chooses, could expedite treatment of the application and, if she denies issuance of a certificate, could appear in the litigation to defend her determination.

Still, the question becomes live if jurisdiction is recognized for a plaintiff with a pending application who seeks immediate relief, such as a temporary restraining order.[38.25d] In that posture, the court must indeed proceed in the absence of input

---

[38.24d]  200 F. Supp. 2d 482, 485–486 (E.D. Pa. 2002).

[38.25]  *Id.* at 484.

[38.25a]  *Id.*

[38.25b]  *Id.* at 486 ("we explained to the jury the reason given by the Copyright Office for refusal of registration and further noted that the examiner never saw the Morelli jewelry itself but only pictures of it. The charge gave the jury the appropriate latitude to differ from the Copyright Office without totally ignoring its decision refusing registration.").

[38.25c]  See, *e.g.*, Phoenix Renovation Corp. v. Rodriguez, 403 F. Supp. 2d 510, 514 n.1 (E.D. Va. 2005).

[38.25d]  See § 14.06[A] *infra.*