whether the Copyright Office considers the subject matter of the claim copyrightable.[38.26] It would seem, however, that plaintiff proceeds at its peril under those circumstances. In other words, at that juncture, plaintiff will not have the benefit of the *prima facie* presumption of validity,[38.26a] meaning that it will face the burden of tendering sufficient evidence to convince the court that its copyright is valid.[38.26b] One decision carved out a middle ground of allowing suit to go forward, but only for injunctive relief, during the interval after submission to the Copyright Office but before it issued the certificate;[38.26c] that posture represents a misreading of prior cases.[38.26d]

Many fact patterns have been litigated regarding registration sequence. Besides those covered above, it has been held that a registration invalid at the time it was claimed because the claimant was not at that time the "owner"[38.27] could satisfy the registration requirement if that party later became the owner.[38.27a] Moreover, it has been held that the date of registration is measured from the time of the original registration, even if that registration contained an incorrect classification

---

[38.26] This was the posture of Mays & Assocs., Inc. v. Euler, 370 F. Supp. 2d 362, 369 (D. Md. 2005), in which the court adopted the narrow approach to deny jurisdiction. It claimed that the contrary approach would place the court in "limbo."

[38.26a] This consideration avoids the specter of "shifting legal entitlements" invoked by La Resolana Architects, PA v. Clay Realtors Angel Fire, 416 F.3d 1195, 1205 (10th Cir. 2005). See Sungard Data Sys. Inc. v. Devlin, 37 U.S.P.Q.2d 1190, 1194 (E.D. Pa. 1995) ("there is nothing on the application proving that the Copyright Office received the application, that the required number of copies of the work were filed, or that the fee was filed in proper form").

[38.26b] See text accompanying N. 38.14 *supra*.

[38.26c] Forasté v. Brown Univ., 248 F. Supp. 2d 71, 76–78 (D.R.I. 2003). This case allowed damages for the future, when the works would be "fully registered." *Id.* at 78. The statute creates no such category of "full" registration as opposed to conditional registration after the application is filed. Note, however, that Congress subsequently created the category of "pre-registration." See § 7.16[B][4] *infra*.

[38.26d] *Forasté* relied on Olan Mills, Inc. v. Linn Photo Co., 23 F.3d 1345, 1349 (8th Cir. 1994). But *Olan Mills* dealt not with the question of standing during the interval between submission to the Copyright Office and issuance of the certificate; instead, it dealt with whether, after standing has been established, an injunction can extend beyond the registered works in suit. See § 7.16[C][3] N. 146.2a *infra*. Another case apparently misread *Olan Mills* to stand for the proposition that a plaintiff had standing to pursue injunctive relief absent even an attempt to register the subject work. See Walker Mfg., Inc. v. Hoffmann, Inc., 220 F. Supp. 2d 1024, 1039 (N.D. Iowa 2002). That ruling also appears erroneous.

[38.27] See 17 U.S.C. § 408(a).

[38.27a] At the time of filing, there was only an oral transfer to the claimant rather than one in writing. See § 10.03[A] *infra*. Later, a written note or memorandum of the transfer validated the registration, and hence jurisdiction. See Wales Indus., Inc. v. Hasbro Bradley, Inc., 612 F. Supp. 510, 515–516 (S.D.N.Y. 1985); Dan-Dee Imports, Inc. v. Well-Made Toy Mfg. Corp., 524 F. Supp. 615 (E.D.N.Y. 1981). See also N. 38.20a *supra*.

(Rel. 71-12/2006  Pub.465)

and therefore required a revised registration to be filed after commencement of the action.[38.28]

Absent issuance of a certificate and in the absence of the copyright owner even having sent the requisite application (together with deposit and fee) to the Copyright Office, there is, under all viewpoints, a jurisdictional defect under the statute—with respect to United States works that require such registration.[38.29] As an absolute limit, if the Copyright Office has failed to receive the necessary elements to issue a registration certificate prior to the time that the court is called upon to issue final judgment, the action must be dismissed.[38.30] Given the lax standards involved, however, that requirement will never thwart a determined plaintiff.[38.31]

[ii] **Limitation to United States Works.** It is to be noted that the requirement to apply for registration is limited to "the copyright in any United States work."[38.32] Accordingly, the claimant of a copyright in any other work may file a suit in a United States district court without first trying to register the work in the Copyright Office.

The Digital Millennium Copyright Act[38.33] amended U.S. copyright law to define a "United States work" depending on publication status. For published works, it refers to those first published in the United States[38.34] or "simultaneously in the United States and a foreign nation that is not a treaty party."[38.35] What about simultaneous publication in the U.S. and a treaty party? The Act also defines as a "United States work" one that is published "simultaneously in the United States and another treaty party or parties, whose law grants a term of copyright

---

[38.28] Roth Greeting Cards v. United Card Co., 429 F.2d 1106 (9th Cir. 1970).

[38.29] Broadcast Music, Inc. v. Rockingham Venture, Inc., 909 F. Supp. 38, 42 n.3 (D.N.H. 1995) (Treatise cited). See, e.g., Harvard Apparatus, Inc. v. Cowen, 130 F. Supp. 2d 161, 164 (D. Mass. 2001); Toms v. Pizzo, 4 F. Supp. 2d 178, 185 (W.D.N.Y. 1998), aff'd mem., 172 F.3d 38 (2d Cir. 1999); Geritrex Corp. v. Dermarite Indus., LLC, 910 F. Supp. 955, 966 (S.D.N.Y. 1996); McCormick v. Fugerson, 34 U.S.P.Q.2d 1735, 1736 (E.D. Pa. 1995).

[38.30] Goebel v. Manis, 39 F. Supp. 2d 1318, 1319 n.2 (D. Kan. 1999) (Treatise quoted); International Trade Mgmt., Inc. v. United States, 553 F. Supp. 402 (Cl. Ct. 1982) (Kozinski, C.J.); Ashlar Inc. v. Structural Dynamics Research Corp., 36 U.S.P.Q.2d 1402, 1405–1406 (N.D. Cal. 1995).

[38.31] It can, however, doom an infringement action brought by a dilatory claimant. See, e.g., Miller v. CP Chems., Inc., 808 F. Supp. 1238, 1242 (D.S.C. 1992).

[38.32] 17 U.S.C. § 411(a) (1998).

[38.33] See § 12A.02 infra.

[38.34] 17 U.S.C. § 101 (definition of "United States work"), ¶ 1(A).

[38.35] Id. ¶ 1(C). On the definition of "treaty party" concurrently added by the Digital Millennium Copyright Act, see § 5.07[B] supra.

| | |
|---|---|
| 1 | (PROOF OF SERVICE - 1013A(3), 2015.5 C.C.P.) |
| 2 | STATE OF CALIFORNIA      )<br>                                               )  SS.<br>COUNTY OF LOS ANGELES )  |
| 3 | |

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 9454 Wilshire Blvd., Ste. 820, Beverly Hills, California 90212.

On January 14, 2008, I served the foregoing document(s) described as **PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO DISMISS COMPLAINT** on the interested parties in this matter by placing  X   a true copy ___ the original thereof enclosed in a sealed envelope addressed as follows:

| *Attorney for Defendant Walmart Stores, Inc.*<br><br>Andrew Leibnitz, Esq.<br>Farella Braun & Martel, LLP<br>235 Montgomery St., 17th Fl.<br>San Francisco, CA 94104<br>Tel: (415) 954-4400 / Fax: (415) 954-4480 | Sunny Kim<br>Ballon Stoll Bader & Nadler, P.C.<br>1450 Broadway<br>New York, NY 10018<br>Tel: (212) 545-7900 / Fax: (212) 764-5060 |
|---|---|

**(BY MAIL)**  X   I placed a true copy of the foregoing document(s) in a sealed envelope addressed to each interested party as set forth above. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Beverly Hills, California in the ordinary course of business. I am aware that on motion of the party served, service made pursuant to C.C.P. § 1013(a) should be presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

**(BY PERSONAL SERVICE)** ___ I delivered by hand or I arranged for personal delivery by a designated messenger service, a true copy of the above-referenced documents(s), enclosed in a sealed envelope at the location/address(es) specified above.

**(BY FACSIMILE)** ___ I caused a true copy of the foregoing documents to be served by facsimile transmission for instant transmittal via telephone from sending facsimile machine telephone number (310) 246-0305 to each interested party at the facsimile number(s) shown above. Each transmission was reported as complete and without error. A transmission report was properly issued by the sending facsimile machine for each interested party served.

**(STATE)** ___ I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

**(FEDERAL)**  X   I declare that I am employed in the office of a member of the bar of this court at whose discretion the service was made.

Executed on January 14, 2008, in Beverly Hills, California.

_____
Richard Thompson

(Kaufhold/Calvert -1427.1)